UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUCAS HEIMERMAN, natural son
and surviving heir at law of
Dan Heimerman, et al.,

                Plaintiffs,

v.                              Case No. 13-2480-CM

ZACHARY BRIAN ROSE, et al.

                Defendants.

## ORDER

This wrongful-death action arises from a car accident that resulted in the death of Dan Heimerman. Intervenor-plaintiff Pamela Heimerman, the surviving spouse of the decedent, has moved for leave to file a first amended complaint to assert a claim against defendants Zachary Brian Rose and Payless Concrete Products, Inc. for punitive damages **(ECF doc. 30)**. Defendants oppose the motion, arguing plaintiff's additional claim for punitive damages is futile. Subsequently, plaintiff filed an *amended* motion for leave to file a first amended complaint **(ECF doc. 34)**, withdrawing her request to assert a claim for punitive damages against defendant Zachary Brian Rose, which plaintiff deems unnecessary because the original complaint already does so (ECF doc. 1). Therefore, plaintiff only seeks to amend the original complaint to add a claim for punitive damages against defendant Payless Concrete Products, Inc. On June 10, 2014, the undersigned expedited plaintiff's reply deadline to June 13, 2014 (ECF doc. 35). In its order, the court

observed that plaintiff's amended motion did not include a response to defendants' argument that her punitive damages is barred under Kansas law and instructed plaintiff to address whether she is asserting a survival claim and if so, how she has standing for such a claim. Plaintiff failed to timely file a reply. For the reasons discussed below, plaintiff's motions are denied.

Plaintiff's proposed first amended complaint includes allegations that defendant Zachary Brian Rose, the employee of Payless Concrete Products, Inc., acted willfully, wantonly, and recklessly in "sending, reviewing and/or receiving SMS/text messages on his cell phone while driving the Payless dump truck immediately prior to or at the time of the collision."[1] Plaintiff also alleges defendant Payless Concrete Products, Inc. acted willfully, wantonly, and recklessly by authorizing or ratifying defendant Zachary Brian Rose's conduct. Pursuant to these allegations, plaintiff seeks to assert a new theory of recovery, specifically, punitive damages.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates that the court "should freely give leave when justice so requires."[2]

---

[1] ECF doc. 34-1 at 4.

[2] Fed. R. Civ. P. 15(a)(2).

The court considers a number of factors in deciding whether to allow amendment of a complaint under Rule 15(a), including untimeliness, prejudice to the other party, bad faith, and futility of amendment.[3] A district court is justified in denying leave to amend if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim.[4] With respect to plaintiff's proposed addition of a punitive damages claim, the court finds that leave to amend is not justified because this amendment is futile.

Under Kansas law, at least two causes of action can arise when a person is killed due to the alleged negligence of another.[5] Under K.S.A. § 60-1801, the administrator of the decedent's estate may bring a cause of action for the decedent's injuries prior to death (a "survival action").[6] Conversely, under K.S.A. § 60-1902, an heir of the decedent may bring a wrongful death action for the loss suffered by all heirs after death.[7]

Here, plaintiff alleges a wrongful death action under K.S.A. § 60-1901 in her capacity as Dan Heimerman's heir. As decedent's surviving spouse, plaintiff qualifies as an heir-at-law and has standing to bring a wrongful death lawsuit. Only actual damages which are enumerated by K.S.A. § 60-1904 are permitted to be recovered in wrongful

---

[3] *Pekarek v. Sunbeam Products*, No. 06-1026, 2006 WL 1313382, at *1 (D. Kan. May 12, 2006) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[4] *Martin v. Purina Mills, Inc.*, 143 F.R.D. 254, 255 (D. Kan. 1992) (citing *Schepp v. Fremont County, Wyoming*, 900 F.2d 1448 (10th Cir. 1990)).

[5] *Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997).

[6] *Id.*

[7] *Id.*

death actions. These are damages actually sustained by the heirs, not damages incurred by the estate. By statute those are limited to: (1) mental anguish, suffering or bereavement; (2) loss of society, companionship, comfort or protection; (3) loss of marital counsel, attention, advice or counsel; (4) loss of filial care or attention; (5) loss of prenatal care, training, guidance, or education; and (6) reasonable funeral expenses for the deceased."[8] Punitive damages are not recoverable in a wrongful death action in Kansas.[9] Therefore, plaintiff may not recover punitive damages for her wrongful death claim.

Plaintiff may have intended to state a survival action, which could allow her to recover punitive damages. The traditional rule in Kansas is that one must present evidence of conscious pain and suffering in order to recover damages on a survival action.[10] Plaintiff's proposed first amended complaint does not specifically list or describe a claim for conscious pain and suffering.[11] Regardless, a survival action for injuries suffered by the deceased prior to death pursuant to K.S.A. § 60-1801 must be brought, not by heirs-at-law, but rather by the administrator of the estate.[12] Decedent's

---

[8] K.S.A. § 16-1904.

[9] *Smith v. Printup*, 254 Kan. 315, 335, 866 P.2d 985, 999 (1993).

[10] *St. Clair v. Denny*, 245 Kan. 414, 422, 781 P.2d 1043, 1049 (1989).

[11] ECF doc. 34-1.

[12] *Lewis ex rel. Lewis v. BHS College Meadows*, No. 03-4184, 2004 WL 870818, at *4 (D. Kan. Apr. 21, 2004) (citing K.S.A. § 60-1801; *Marler*, 960 F. Supp. at 254).

O:\ORDERS\13-2480-CM-34.docx

4

estate is not a party to this lawsuit, nor has plaintiff pled the requisite administrative capacity.  Therefore, even if plaintiff intended to bring a survival action pursuant to K.S.A. § 60-1801 for conscious pain and suffering, she does not have standing to do so.  Accordingly, plaintiff has not stated a plausible claim for punitive damages.  Because plaintiff failed to demonstrate that justice requires she be permitted to file an amended complaint under Rule 15(a)(2), plaintiff's motion for leave to file a first amended complaint is denied.

Plaintiff is hereby informed that, within 14 days after she receives this order via CM/ECF, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order in a motion for review of this order.  Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order.  If plaintiff does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated June 16, 2014 at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge