IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LUCAS HEIMERMAN, natural son and surviving heir at law of Dan Heimerman, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ZACHARY BRIAN ROSE and PAYLESS CONCRETE PRODUCTS, INC.,**<br><br>**Defendants.** | **Case No. 13-2480-CM** |

## MEMORANDUM AND ORDER

Plaintiff Lucas Heimerman brought this wrongful death case after his father was killed in an automobile collision. His father's wife, Pamela Heimerman, intervened as a plaintiff in the case. The parties have reached a settlement of the liability claim against defendants, but the heirs have not reached an agreement on apportionment of those settlement proceeds. The case is now before the court on two motions: plaintiff Lucas Heimerman's Request for Apportionment Hearing (Doc. 49) and plaintiff Pamela Heimerman's Motion to Dismiss for Lack of Diversity Jurisdiction (Doc. 53). For the following reasons, the court denies the motion to dismiss and grants the request for an apportionment hearing.

The court first takes up Pamela Heimerman's motion to dismiss, as it challenges this court's jurisdiction. Although this court had diversity jurisdiction over the case when it was filed, the intervention of a non-diverse party can destroy that jurisdiction—if that party was indispensable to the action when it commenced. *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th

Cir. 2003). Pamela Heimerman is a non-diverse party, so the question here is whether she is also an indispensable party.

The court looks to the factors identified in Federal Rule of Civil Procedure 19 when determining whether a party is indispensable. *Id.* (citations omitted). The analysis is two-part: (1) Is the party necessary under Rule 19(a); and (2) If so, is that party also indispensable under Rule 19(b)? *Id.* (citations omitted). Under Rule 19(a), a party is necessary if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

To ascertain whether Pamela Heimerman is necessary to this case, the court looks to the language of Kan. Stat. Ann. § 60-1902, the statute under which Lucas Heimerman filed the case:

> The [wrongful death] action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who [have] sustained a loss regardless or whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article.

Kan. Stat. Ann. § 60-1902. Under the plain language of this statute, Pamela Heimerman was permitted—but not required—to intervene in this case. The statutory scheme of a wrongful death action in Kansas is such that any one heir may file a case. That case, however, is for the benefit of all heirs, regardless of whether they actively participate. *Frost v. Hardin*, 571 P.2d 11, 16 (Kan. Ct. App. 1977) ("[T]he Kansas wrongful death action is not truly a 'joint' action in the sense that all interested parties must join . . . .").

Pamela Heimerman does not qualify as "necessary" under subsection (A) of Rule 19(a)(1). The court could accord complete relief regardless of whether she joined as a party. And she does not qualify under subsection (B), either. Under Kan. Stat. Ann. § 60-1905, she is entitled to notice of any apportionment hearing. She is also entitled to share in the apportionment of any recovery, regardless of whether she joined the action. Kan. Stat. Ann. § 60-1905 ("The apportionment shall be in proportion to the loss sustained by each of the heirs, and all heirs known to have sustained a loss shall share in such apportionment regardless of whether they joined or intervened in the action . . . ."). Pamela Heimerman's ability to protect her interest would not be jeopardized, and defendants would not risk incurring inconsistent obligations.

The court therefore determines that Pamela Heimerman is not a necessary party in this case. Without being necessary, she cannot be indispensable. This is consistent with the Kansas Court of Appeals's interpretation of the Kansas wrongful death statutes. *See, e.g.*, *Frost*, 571 P.3d at 16 (Kan. Ct. App. 1977) (finding that the deceased's wife was not an indispensable party to the wrongful death action brought by her children). Pamela Heimerman's non-diverse presence in the case does not deprive this court of jurisdiction.

Because the case is properly before this court, the court grants Lucas Heimerman's motion for an apportionment hearing. The court sets the hearing for February 10, 2015 at 2:00 p.m.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss for Lack of Diversity Jurisdiction (Doc. 53) is denied.

-4-

**IT IS FURTHER ORDERED** that the Request for Apportionment Hearing (Doc. 49) is granted.  The court sets the hearing for February 10, 2015 at 2:00 p.m.

Dated this 21st day of January, 2015, at Kansas City, Kansas.

                                                     s/ Carlos Murguia
                                                     **CARLOS MURGUIA**
                                                     **United States District Judge**